UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TAMMY BOLLES, as personal representative of Hannah Weese,** )<br>)<br>) | |
| **Plaintiff,** )<br>) | |
| v. ) | No. CIV-24-284-R |
| ) | |
| **ALLSTATE INSURANCE COMPANY,** )<br>) | |
| **Defendant.** ) | |

## ORDER

This action arises from Allstate's adjustment of an insurance claim for storm damage to Plaintiff's property. Plaintiff's Petition[1] [Doc. No. 1-1] asserts that Allstate failed to pay the full amount due under the policy and acted in bad faith by overlooking obvious storm related damage to her roof. Now before the Court is Plaintiff's Motion to Compel Responses to Plaintiff's Discovery [Doc. No. 31] which contends that several of Allstate's discovery responses are deficient. Allstate responded in opposition [Doc. No. 33] and the matter is now at issue.[2]

Federal Rule of Civil Procedure 26(b)(1) provides that:

[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information,

---

[1] The action was removed to this Court on the basis of diversity jurisdiction.

[2] Following the passing of Ms. Weese, the action was stayed pending the appointment of a personal representative [Doc. No. 35]. A personal representative has been appointed, the stay has been lifted, and the motion is now ripe for disposition [Doc. Nos. 37 and 39].

1

> the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The scope of discovery under this rule is broad, but it "is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (internal quotation omitted). When the relevance of a particular discovery request "is not readily apparent, the party seeking the discovery has the burden to show the relevance of the information requested." *Barton v. Tomacek*, No. 11-CV-0619-CVE-TLW, 2012 WL 4735927, at *4 (N.D. Okla. Oct. 3, 2012). Conversely, when the discovery request appears relevant, the party resisting the request has the burden of showing that the request falls outside the scope of permissible discovery. *Id.*

Having considered the parties' submissions under these standards, the Court finds that Plaintiff's motion should be granted in part and denied in part.

**A. Interrogatories 1, 2, 3, 6, 9, 10, 12, 15, 17, and 19**

Plaintiff first contends that Allstate's responses to Interrogatories 1, 2, 3, 6, 9, 10, 12, 15, 17, and 19 are inadequate because they simply refer to the claim file without identifying specific page numbers that are responsive to the specific requests. Plaintiff further notes that Allstate has both objected and responded to these Interrogatories, without specifying whether it is withholding any information on the basis of its objections. Allstate's brief does not respond to this argument and it is therefore deemed confessed. *See* LCvR7.1(g). Accordingly, this aspect of Plaintiff's motion is granted and Allstate is

instructed to specify those portions of the claim file that it believes respond to these interrogatories and clarify whether the documents referenced contain its entire answer or if it is also withholding information. *See Miller v. Love's Travel Stops & Country Stores, Inc.*, No. CIV-06-1008-D, 2008 WL 11338080, at *7 (W.D. Okla. Apr. 17, 2008) ("If Defendant has no information beyond that already provided, it should so state in its answer, and, of course, supplement its answer in the event it learns of more specific information pertaining to Plaintiff's interrogatories.").

    **B. Interrogatories 4 and 5**

    These interrogatories ask Allstate to describe any industry standards or engineering standards upon which it relied during its claims investigation. Allstate responded by referencing its Property Claim Handling Manual and Claim Operations Manual. Plaintiff contends that this response does not satisfy the requirements of Fed. R. Civ. P. 33(d). Under Rule 33(d), "[i]f the answer to an interrogatory may be determined by examining … a party's business records…, and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by … specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; … and giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies." This rule does not permit a responding party to reference "a large mass of records hoping the party will be able to glean the requested information from them." *Smith v. TFI Fam. Servs., Inc.*, No. 17-02235-JWB-GEB, 2019 WL 266234, at *2 (D. Kan. Jan. 18, 2019). Instead, Rule 33(d) requires that the records be specified in sufficient detail to

3

enable the interrogating party to locate and identify them as readily as the responding party could and that the burden of deriving or ascertaining the answer be substantially the same for either party. *Id.*

Here, Plaintiff has asked Allstate to identify the specific policies, procedures, and building standards it relied on during its investigation of the claim. Allstate responded by referencing its claims handling manuals but, presumably, the entirety of Allstate's claims handling policies is not at issue in this lawsuit. Allstate "is in the best position to determine which policies and procedures it relied on… and can more easily identify that information than Plaintiff can." *Id.* Accordingly, this aspect of Plaintiff's motion is granted. Additionally, Allstate is again instructed to clarify whether there is additional information that is being withheld.

### C. Interrogatories 7 and 26 and Request for Production No. 40

These requests seek information related to claims by other insureds for wind and hail damage during the same time frame that Plaintiff submitted her claim. Plaintiff argues this information is relevant because it can be used to show that the insurer engaged in a pattern and practice of wrongfully denying claims. Allstate disagrees.

In some instances, evidence of an insurance company's pattern of similar denials can be relevant in a bad faith case. *See Vining v. Enterprise Financial Group, Inc.*, 148 F.3d 1206, 1214 (10th Cir. 1998). However, in this case, Plaintiff has not alleged that Allstate's denial of her roof claim was the result of a wrongful business practice or scheme. Rather, Plaintiff's claims are premised on Allstate's alleged failure to reasonably investigate her claim or identify obvious storm damage to her roof. The Court is therefore

not persuaded that these broad requests are relevant or proportional to the needs of this particular case. *See Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1238 (10th Cir. 2000) (stating that limitations on expansive discovery requests are appropriate where a plaintiff "pleads its allegations in entirely indefinite terms, without in fact knowing of any specific wrongdoing by the defendant"); *AG Equip. Co. v. AIG Life Ins. Co.*, No. 07-CV-556-CVE-PJC, 2008 WL 5205192, at *5 (N.D. Okla. Dec. 10, 2008) (denying request for other insured's files because "Plaintiffs have offered no foundation from which the Court can conclude that these files are relevant to the claims and defenses herein or may lead to admissible evidence"). Accordingly, this aspect of Plaintiff's motion is denied without prejudice.

### D. Interrogatory 21 and Request for Production No. 28

These requests seek discovery into the underwriting of Plaintiff's insurance policy. Plaintiff asserts that underwriting information is relevant because Allstate denied the roof claim on the basis of wear and tear. Allstate responds that conduct related to the underwriting of an insurance policy cannot form the basis of a bad faith claim and the information is therefore irrelevant.

Allstate is correct that, under Oklahoma law, "the conduct of the insurer and the agent in selling and issuing the policy, cannot give rise to the tort of bad faith breach of an insurance contract." *Claborn v. Washington Nat'l Ins. Co.*, 910 P.2d 1046, 1051 (Okla. 1996). Nevertheless, "depending on the nature of an insurance dispute, an underwriting file might be relevant to a bad faith claim" *Providence Church, Inc. v. GuideOne Ins.*, No. CIV-06-1201-D, 2008 WL 11338501, at *3 (W.D. Okla. Jan. 18, 2008). For example, "if the

5

dispute involved a question about the condition of the covered property prior to a loss, one might reasonably consult the underwriting file to determine the condition of the property at the time it was insured." *Id.* at *3 n. 5. Plaintiff represents that her roof claim was denied, at least in part, based on the condition of the property. The underwriting file likely contains information related to the condition of the property and therefore falls within the scope of discoverable material. Accordingly, Plaintiff's motion is granted with respect to these requests.

### E. Interrogatories 22, 23, 24 and 25 and Request for Production Nos. 3, 4, and 39

These requests seek a variety of information related to Allstate's use of an independent adjusting firm. Plaintiff specifically alleges that Allstate used a third party to take photographs of Plaintiff's roof and relied on the photographs in making its claims determination. Plaintiff contends these discovery responses are intended to uncover the full nature of the relationship between Allstate and its third-party adjuster, and specifically whether the third-party adjuster is biased in favor of Allstate. In response, Allstate acknowledges that an independent adjusting firm took photographs of Plaintiff's property but contends the requests seek irrelevant information and are overly broad.

Generally, "cross-examination to show the bias of a witness or his interest in a case is entirely proper." *VTT Mgmt. Inc. v. Fed. Ins. Co.*, No. CV-17-767-M, 2018 WL 5078111, at *1 (W.D. Okla. Oct. 17, 2018) (quotation omitted). And "a continuing relationship between the witness and a party in which a witness receives payment for generating an opinion that may be favorable to the interests of the party seeking the opinion is a source

6

of bias." *Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto. Ins*. Co., No. 11-10658, 2011 WL 4507417, at *5 (E.D. Mich. Sept. 29, 2011). For that reason, courts have recognized that the financial relationship between an insurer and a third party that it routinely relies on for evaluations is "fair game for discovery." *Lantz v. State Farm Mut. Auto. Ins. Co.*, No. 14-12813, 2015 WL 4429762, at *1 (E.D. Mich. July 20, 2015).

Another court in this district confronted a similar discovery dispute regarding an insurance company's relationship with a regularly utilized third-party. In *Daniels v. Safeco Ins. Co. of Am.*, No. CIV-16-360-C, 2016 WL 7028945, at *2 (W.D. Okla. Dec. 1, 2016), the plaintiff sought to discover information about the relationship between an insurer and a third-party consultant. The plaintiffs alleged that the insurer relied on a report issued by the consultant in making its coverage determination and that there was a close relationship between the insurer and the consultant. *Id.* The Court held that the plaintiffs are "[c]ertainly….entitled to some limited discovery to explore the scope of that relationship" and granted their request for information concerning the number of times the consultant had been used in relation to Oklahoma claims for wind and hail, contract and memoranda of understanding between the parties, and training documents provided to the insured's employees which would indicate when an outside consulting firm is used. *Id.* Similarly, in *Sparkman v. Liberty Mut. Fire Ins. Co.*, No. CIV-20-710-R, 2021 WL 1646653, at *4 (W.D. Okla. Apr. 27, 2021), this Court found that a plaintiff's requests for documents addressing the relationship between an insurer and an outside engineering firm that were intended, in part, to show that the firm was biased in favor of the insurer were appropriate, subject to reasonable limitations on the scope of the requests.

7

Here, Plaintiff has alleged that Allstate retained and relied on a third party to take photographs of the property and it argues that Allstate relied exclusively on these photographs to makes its coverage determination. Given these allegations, at least some limited information about the scope of the relationship between Allstate and the third-party is discoverable. However, Plaintiffs specific requests are overly broad and not proportional to the needs of this case. For example, Interrogatory 22, which seeks the name and claim number of any policyholders whose homeowner's claim was referred to the third-party adjuster from 2018 to present, and Interrogatory 24, which seeks the amount of money Allstate or its affiliates paid the third-party, do not contain reasonable geographic limitations or any language limiting the request to similar claims. Further, Plaintiff's requests for production seeking "all…written, recorded, or computerized material" concerning Allstate's retention of the third-party is overly broad and not proportional to the needs of this case.

Although courts have discretion to modify discovery requests to bring them within acceptable limits, the Court declines to do so here. *Punt v. Kelly Servs.*, 862 F.3d 1040, 1047 (10th Cir. 2017). The parties are responsible for propounding proper discovery requests and are in a better position to narrow their requests. *Id*. Accordingly, Plaintiff may narrow her requests to bring them within appropriate limits and the Court instructs the parties to confer in a good faith attempt to resolve the dispute concerning these requests.[3]

---

[3] Allstate does not specifically explain why Interrogatories 23 and 25 are overly broad and instead suggests that it has already responded by producing the claim file. These two requests seek information Allstate shared with third parties about Plaintiff's claim. They

**F. Request for Production No. 5**

This request seeks copies of every complaint by Allstate's insureds in Oklahoma in the past five years that concerns Allstate's handling of a homeowner's claim. Again, although there are some instances when complaints or claim files of other insureds may be relevant in a bad faith case, Plaintiff has not included allegations suggesting that this is such a case. Further, this request is overly broad on its face as it is not limited to claims that are similar to Plaintiff's claim. Accordingly, this aspect of Plaintiff's motion is denied.

**G. Request for Production Nos. 12, 17, 37, and 38**

These requests seek claims handling and underwriting manuals, polices, guidelines, communications, and training as well as employee handbooks. Allstate contends that it produced its 2018 Property Claim Handling Manual and its 2020 Claim Operations Manual and has therefore produced the relevant documents. Plaintiff contends that all the requested materials are relevant and Allstate should be required to affirmatively indicate whether it is withholding additional documents on the basis of its objections.

The Court agrees that Allstate's response does not make clear whether it is withholding additional materials on the basis of its objections or if it is contending that it has produced all the responsive documents. Without a more specific argument as to what is missing from the response and what is being withheld and on what basis, the Court is not in a position to resolve this dispute. Allstate is therefore instructed to clarify its response

---

appear relevant on their face and Allstate is therefore directed to respond to these interrogatories or specifically indicate that it has already produced the information.

to these requests and the parties are instructed to confer in a good faith effort to resolve any disputes surrounding these requests.

### H. Request for Production Nos. 14 and 16

These requests seek documents showing the loss reserve history related to Plaintiff's claim and documents that relate to the setting of reserves on residential property insurance claims. Allstate contends this information is not relevant. Courts in Oklahoma have generally allowed some discovery into the loss reserves established for the plaintiff's claim on the basis that the insurer's internal assessment of the claim's value speaks to its subjective intent. *See Porter v. Farmers Ins. Co.,* No. 10-CV-116-GKF-PJC, 2011 WL 1566018, at *2 (N.D. Okla. Apr. 25, 2011) ("[T]he Court finds that loss reserve information is discoverable in bad faith cases."); *Elk City Golf & Country Club, Inc. v. Philadelphia Indem. Ins. Co.*, No. CIV-18-196-D, 2019 WL 6053020, at *2 (W.D. Okla. Nov. 15, 2019) ("The Court finds that discovery of Defendant's loss reserves is relevant to Plaintiff's bad faith claim and is proportional to the needs of the case."). The Court agrees with this reasoning and, accordingly, Plaintiff's motion with respect to Request for Production No. 14 is granted. However, Request for Production No. 16, which seeks "any and all" documents that "refer or relate in any way to the setting and/or adjusting of reserves" on residential property claims from 2018 to present is overly broad on its face. Accordingly, this aspect of Plaintiff's motion is denied without prejudice.

### I. Request for Production No. 21

This request seeks Allstate's mission statements in effect between 2018 to present. Plaintiff argues that the mission statement reflects the general strategy of the company and this not an arduous request. Allstate contends these are simply not relevant. Frankly, this is the type of discovery dispute that the parties should be able to resolve through their own good faith efforts. In any event, Plaintiff has sufficiently shown that the mission statement that was in place during the date of loss and handling of her claim is discoverable. Remaining mission statements need not been produced. Accordingly, this aspect of Plaintiff's motion is granted in part.

### J. Request for Production Nos. 25, 26 and 27

These requests seek the personnel files, performance reviews, performance measurements, and incentive compensation of Allstate employees identified in Allstate's interrogatory responses. In its briefing, Plaintiff indicates that it may not be necessary to obtain the personnel information for every employee that touched the claim, and that Plaintiff is not interested in health information or specific salary details. In response, Allstate concedes that courts have required production of personnel documents but contends the production has been limited to specific employees or specific documents. *See Williams v. Allstate Fire & Cas. Ins. Co.*, No. CIV-13-828-D, 2015 WL 1602054, at *2 (W.D. Okla. Apr. 9, 2015). Based on the parties' briefing, the Court is not persuaded that they have made a good faith effort to confer regarding these particular issues. The Court therefore instructs the parties to confer regarding these requests and denies this aspect of Plaintiff's motion without prejudice.

### K. Request for Production No. 34

This request seeks all documents that are relevant to the allegations and defenses. In response, Allstate indicates that it is in the process of producing certain photographs of the property. Plaintiff has not submitted a reply contesting the completeness of this response. Accordingly, the dispute over this request appears to be moot and this aspect of the motion is denied without prejudice.

As outlined above, Plaintiff's Motion to Compel Responses [Doc. No. 31] is GRANTED in part and DENIED in part. Allstate shall provide any supplementary responses within 21 days of the date of this order.

**IT IS SO ORDERED** this 14th day of January, 2025.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE